UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ADRIENNE GRANT,

      Plaintiff/Counter-Defendant,

vs.                                           Case No. 13-12240

ARMAND GRANT,                          HON. AVERN COHN

      Defendant/Counter-Plaintiff.

_____/

**MEMORANDUM AND ORDER**
**GRANTING ARMAD GRANT'S MOTION FOR EXPEDITED HEARING AND FOR**
**REIMBURSEMENT FOR THE COST TO REPLACE THE APPLIANCES AND TO**
**INCUR COSTS TO REPAIR HOME (Doc. 48)**
**AND**
**GRANTING ARMAD GRANT'S MOTION FOR PARTIAL DISMISSAL OF THE**
**SECOND AMENDED COMPLAINT (Doc. 49)**
**AND**
**GRANTING IN PART AND DENYING IN PART ADRIENNE GRANT'S MOTION TO**
**STRIKE ARMAD GRANT'S FIRST AMENDED COUNTERCLAIM AND AMENDED**
**AFFIRMATIVE DEFENSES (Doc. 54)**

I.

This is a dispute between plaintiff/counter-defendant Adrienne Grant (Plaintiff) and her ex father-in-law defendant/counter-plaintiff Armand Grant (Defendant) centering around the ownership of a home in Michigan.  Following cross motions for partial summary judgment, the Court limited Plaintiff's claims to:

                    Count IV (Conversion)

                    Count V (Unjust Enrichment)

and Defendant's Claims to:

Count II (Slander of Title)

Count III (Tortious Interference)

<u>See</u> Memorandum and Order, Doc. 43.  Particular to plaintiff's claims, the Court said:

> . . . summary judgment is GRANTED to Defendant on the quiet title counterclaim and the entirety of Plaintiff's complaint arising out of anything to do with the sale of the California home.  **Plaintiff's claim to equity in the Michigan home remains; it is limited, however, to the net proceeds of the sale under an unjust enrichment theory (Count V).**

(Doc. 43 at p. 2.)

Plaintiff moved for partial reconsideration.  (Doc. 45).  The Court denied the motion and directed Plaintiff to file a Second Amended Complaint.  The Court explained:

> It is not clear from a read of the first amended complaint (Doc 11) the extent that the alternative theories apply to her claim to the equity in the Michigan home. The problem is that Plaintiff's complaint is replete with claims to the *title* to the Michigan home, as well as issues related to the California home, which have been dismissed.  As such, reconsideration is DENIED.  However, **Plaintiff is given leave to file a second amended complaint within 30 days limited to her right to the proceeds of the sale of the Michigan home over security interests and outstanding taxes under alternative theories including unjust enrichment**.

(Doc. 46) (emphasis added).

Thereafter, on July 8, 2014, Plaintiff filed a Second Amended Complaint (Doc. 47), asserting the following claims:

Count I - Breach of Contract

Count II - Constructive Trust

Count III - Breach of Fiduciary Duties

Count IV - Conversion

Count V - Unjust Enrichment

Count VI - Fraud

Defendant then filed an amended answer and counterclaim.  (Doc. 50).

II.

Before the Court are several motions which were the subject of a hearing on December 10, 2014.  This order memorializes the Court's ruling on the record as to the motions.

First, Defendant has moved for partial dismissal of the Second Amended Complaint (Doc. 49), seeking to dismiss Counts I, II, III, and VI, essentially arguing that these claims, which were also raised in the Amended Complaint, have been dismissed by the Court's order limiting plaintiff's claims.  Defendant is correct. Defendant's motion for partial dismissal is GRANTED.

Defendant has also moved to for Reimbursement for the Cost to Replace the Appliances and to Incur Costs to Repair Home (Doc. 48) (the "Reimbursement Motion") is GRANTED to the extent explained below.

Plaintiff's Motion to Strike Defendant's Amended Counterclaim and Amended Affirmative Defenses (Doc. 54) is GRANTED IN PART AND DENIED IN PART to the extent explained below.

III.

A.

As to both parties' claims regarding the sale of the Michigan home, the case will proceed as follows:

1.      The Michigan home shall be sold.

2.      Third party claims, if any, shall be paid.

3

3.      The remaining proceeds will be the subject of an accounting which will determine (1) defendant's right to reimbursement as stated in the Reimbursement Motion, and (2) plaintiff's equitable right to a share of the remaining proceeds.

B.

Plaintiff's claim for conversion pertains to certain jewelry that plaintiff says is hers and defendant wrongfully possesses.  This claim, which is not the subject of a pending motion, continues.  As to this claim, Plaintiff shall file an itemization of the jewelry and its estimated value.

C.

The Court will have a status conference with the parties in 90 days.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  December 12, 2014
        Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 12, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

4