UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIENNE GRANT,

    Plaintiff/Counter-Defendant,

vs.                                                               Case No. 13-12240

ARMAND GRANT,                                   HON. AVERN COHN

    Defendant/Counter-Plaintiff.

_____/

## ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION (Doc. 91)

### I.  Introduction

    This is a dispute between plaintiff/counter-defendant Adrienne Grant (Plaintiff) and her ex father-in-law defendant/counter-plaintiff Armand Grant (Defendant)[1] centering around the ownership of a home in Michigan.  Following the disposition of dispositive motions by both parties (Docs. 74, 76), what remains is a determination of damages on Defendant's claim for conversion and Plaintiff's claim of conversion based on jewelry, as to both liability and damages.  See Doc. 90.

    Before the Court is Plaintiff's motion for partial reconsideration.  Plaintiff seeks reconsideration of summary judgment on Defendant's claim for conversion.  (Doc. 91). Defendant, at the Court's request, filed a response.  (Doc. 93).  For the reasons that follow, the motion is DENIED.

---

    [1]Because plaintiff and defendant have the same surname and similar first names, for clarity they will be referred to as "Plaintiff" and "Defendant."

II. Legal Standard

E.D. Mich LR 7.1(h)(3) provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Restating arguments does not establish a defect or that the Court was misled. See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006).

III. Discussion

Plaintiff's motion presents three arguments in her motion.

Plaintiff first contends that she did not violate the state district court order prohibiting her from selling the fixtures of the Michigan Home because she sold Defendant's property before entry of the order and the Court erred in stating otherwise. This argument misses the mark. Whether or not Plaintiff violated the state court order which prohibiting her from selling the built-in appliances and other fixtures of the Michigan Home is not dispositive on Defendant's conversion claim. The Court found all of the items identified in Defendant's motion were fixtures of the Michigan Home. As fixtures, they were part of the real property and belonged to Defendant. Plaintiff acted wrongfully when she sold them, whether she sold them before or after the state court directed to cease such actions.

Second, Plaintiff argues that the fixtures subject to Defendant's conversion claim were not sufficiently identified to apprise her of the subject matter of the claim. This argument does not carry the day. The property that is the subject matter of Defendant's conversion claim was identified in Defendant's amended counterclaim and in his

2

summary judgment papers.

Lastly, while Plaintiff says she does not know what the subject matter of the conversion claim is, she paradoxically argues that she either paid for some of the converted property or that there is a factual dispute over whether she paid for some of the converted property. This argument lacks merit. All of the converted property were fixtures of the Michigan Home. Fixtures become part of the real property they are installed upon. Fixtures are owned by the owner of the real property, regardless of who paid for them. Defendant owns the Michigan Home and therefore owns the fixtures. Moreover, Plaintiff has presented no evidence that she paid for any of the fixtures or evidence from which there could be a genuine issue of material fact.[2]

In the end, Plaintiff's motion essentially repeats the arguments considered and rejected by the Court. Reconsideration is not warranted.

As the Court previously observed, this "dispute is the result of an unfortunate breakdown of a familial relationship." Sadly, it has not settled. While the Court will not speculate as to why it has not settled or whether one party in particular is an impediment to settlement, both parties "would be best served by simply letting go." (Doc. 90 at p. 2).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2016
Detroit, Michigan

---

[2] Plaintiff provided receipts for purchases of certain items which became fixtures (built-in appliances and a custom theater); the receipts themselves do not identify who actually paid for the items. Defendant's credit card statements, however, show that these items were paid for with Defendant's credit card. Indeed, as noted in the summary judgment order, the record shows that Defendant paid for most, if not all, of the living expenses for Plaintiff, her deceased ex-husband, and their children.

3